THE EVELYN.

(District Court, S. D. Georgia, E. D. February 25, 1907.)

SHIPPING—INJURY OF STEVEDORE—LIABILITY OF VESSEL.

A vessel *held* liable for an injury to a stevedore's employé while engaged in stowing cotton in the hold, and resulting from the breaking of a fall which was being operated by the ship, and with which neither libelant nor any of his fellow servants had any connection.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, §§ 350, 351.]

In Admiralty. Action for damages for personal injury.

W. W. Gordon and Daniel Charlton, for libelant.

William R. Leaken, for libelee.

SPEER, District Judge (orally). I have no doubt whatever as to the liability of the ship. This man was a longshoreman, engaged in his duty of stowing cotton in the hold. He had no connection, nor did

any one associated with him as a fellow servant, have any connection with the wire fall, the donkey engine, or the drums to which it was attached. That fall was intended, so far as he was concerned, to lift bales of cotton from the wharf into the hold of the ship, so that they might be stowed. It was attempted to attach this wire fall to a heavy stage or gang plank on the wharf, and lift that in position. The fall broke at the drum, and, running rapidly through the block suspended above the hatchway, it fell into the hold in a coil, and, according to his testimony, and that of other witnesses in the hold with him, struck this man on the head, back, and side. He was immediately knocked prostrate. He called out at first to know what did it. His injury was very serious. He was taken at once to the office of Dr. Norton in a hack. The doctor gave a very intelligent and satisfactory account of his injuries and the subsequent treatment. Dr. White, one of the most eminent members of the medical profession in this city, practically agrees with Dr. Norton as to the character of the injuries. He was called in at a subsequent time as consulting physician. They both agree that the arm of the libelant was dislocated, and that ribs were broken. Both agree that the injuries are probably permanent. If this is true, he is wholly disabled to perform the heavy tasks of longshoreman and stevedores' laborer, by which from youth he has earned his livelihood. Dr. Barrow differs with these gentlemen, after an examination which the court has witnessed, but we all know how experts differ on questions of this character, and I am convinced, not only from the testimony of the two first physicians, but from what the court saw of the libelant's manifest suffering while in the hands of Dr. Barrow, and the conduct of the man while the examination was being conducted, that the injuries are serious, and in all likelihood permanent. I do not think, however, that he is entitled to the large sum claimed as damages by his counsel. This is naturally made in the enthusiasm of advocacy; but I think he should have damages to compensate him for his suffering, and for the injury, which, as stated, the court is of opinion, from the evidence and examination in court, will in a large degree impair his capacity to labor for the rest of his life.

I think on the whole, a reasonable allowance of damages, the court sitting as judge and jury, is $1,800, which is accordingly allowed.